BETTY HARRIS v. HENRY M. PARRIS, NETTIE B. PARRIS, BENJAMIN A. WHITLEY AND ANNIE HARRIS.

(Filed 20 November 1963.)

**1. Automobiles § 41h—**

Evidence that a driver, immediately upon the turning of the traffic control signal facing him from red to green, turned left in an attempt to cross the three lanes for traffic approaching the intersection from the opposite direction, and was struck by a vehicle in the middle lane, which vehicle she did not even see before impact, *is held* sufficient to be submitted to the jury on the issue of such driver's negligence.

**2. Automobiles § 8—**

A driver intending to go straight through an intersection has the right to assume and act on the assumption that all other travelers will observe

the law and not block his lane of travel by a left turn without first ascertaining that such move could be made in safety.

### 3. Automobiles § 41h—

Evidence that the driver of a car traveling in the middle lane of three lanes of traffic for his direction, struck a vehicle which had approached the intersection from the opposite direction and which, immediately upon the changing of the traffic control signal from red to green, had turned left suddenly in the path of oncoming traffic, *held* insufficient to be submitted to the jury on the issue of such driver's negligence.

APPEAL by all defendants from *Walker, S.J.,* April 22, 1963 Special Civil "B" Session, MECKLENBURG Superior Court.

The plaintiff instituted this action to recover for the personal injuries she sustained in a two-vehicle collision at the intersection of Independence Boulevard and Mint Street in the City of Charlotte. Independence Boulevard is 60 feet wide. The three north lanes are for travel west. The three south lanes are for travel east. Mint Street is 40 feet wide. The two east lanes are for travel north and the two west lanes are for travel south. Electric traffic control signals were in operation at the time of the collision.

The plaintiff was a passenger in the defendant Harris's 1956 Chevrolet which Whitley was driving west in the middle lane of Independence Boulevard. As Whitley's vehicle approached the intersection the defendant Nettie B. Parris, driving her husband's 1959 Plymouth, approached the intersection from the west on Independence Boulevard in the north lane for east-bound traffic, stopped in obedience to the red light, gave a left turn signal indicating she intended to go north on Mint Street. As the signal turned green she made a left turn in front of the Chevrolet in which the plaintiff was a passenger. The front of the Chevrolet struck the right side of the Plymouth near the rear door. The vehicles remained near the point of impact. The Chevrolet left skid marks of approximately eight feet. The impact occurred in the middle—Whitley's—lane for west-bound traffic. Although it was about noon on a clear day, Mrs. Parris failed to see the approaching Chevrolet. She testified: "As to where my car was when I first saw the Whitley driven automobile, I can truthfully say I did not see him until he hit me." The plaintiff was injured in the collision.

The owners of the vehicles admitted agency of their drivers. Each denied negligence. The jury found all parties negligent and awarded damages. From the judgment, each of the defendants appealed.

*Richard T. Meek, Elbert E. Foster for plaintiff appellee.*

*Haynes, Graham & Bernstein, By Myles Haynes for defendants Henry M. Parris and Nettie B. Parris appellants.*

*Pierce, Wardlow, Knox and Caudle by Lloyd C. Caudle, H. Edward Knox, Lloyd C. Caudle for defendants Annie Harris and Benjamin A. Whitley appellants.*

HIGGINS, J.   The several defendants assign as error the refusal of the court to grant their motions for nonsuit. We may dismiss the Parris appeal by simply saying Mrs. Parris admitted she attempted to turn left across the three lanes for west-bound traffic, blocked the middle lane in which Whitley approached the intersection without even seeing the Chevrolet he was driving until the instant of impact. The court properly denied her motion for nonsuit.

Admittedly the defendant Whitley, operating the Annie Harris Chevrolet, approached and entered the intersection on the green light. There is no opinion evidence of excessive speed. The physical evidence indicated lack of speed. His vehicle left eight feet of skid marks. After the impact both vehicles were still in the intersection. As Whitley approached the intersection, intending to continue through, he had the right to assume and act on the assumption that all other travelers would observe the law and not block his lane by a left turn until such movement could be made in safety. A left turn across an open travel lane leaves a through traveler little time and opportunity to avoid a collision. Under the circumstances here disclosed, Whitley, the through driver, with a green light, did not forfeit his right of way merely because the impeding driver may have touched the intersection first. The duty of Whitley on this occasion required him to keep in his proper middle lane of traffic. At the same time he was required to give notice of any intended change in direction through the intersection and, in the absence of such notice, other travelers were required to assume that he intended to continue through in his proper lane of traffic. Evidence that he failed to exercise due care in any particular is not disclosed by the record. *Hudson v. Transit Co.,* 250 N.C. 435, 108 S.E. 2d 900; *Bradham v. McLean Trucking Co.,* 243 N.C. 708, 91 S.E. 2d 891; *Hyder v. Battery Co.,* 242 N.C. 553, 89 S.E. 2d 124; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808; G.S. 20-155.

Evidence of actionable negligence on the part of Whitley or Annie B. Harris is lacking, and motions for nonsuit should have been allowed.

As to Defendants Parris—No error.

As to defendants Whitley and Harris—Reversed.