W. J. REID v. CONSOLIDATED BUS LINES, INC., AND FRED H. NEWNAM
— AND —
MARY REID v. CONSOLIDATED BUS LINES, INC., AND FRED H. NEWNAM

No. 7218SC579

(Filed 20 September 1972)

Rules of Civil Procedure § 15— amendment of answer after jury arguments

The trial court did not err in permitting defendants to amend their answer to conform to the evidence after the evidence on both sides was in and after the parties had argued the case to the jury. G.S. 1A-1, Rule 15.

APPEAL by plaintiff from *Exum, Judge,* 4 January 1972 Civil Session of Superior Court held in GUILFORD County.

The two cases were consolidated by consent. The actions arose as a result of a collision between an automobile, owned by plaintiff W. J. Reid, being operated by his wife, plaintiff Mary Reid, and a bus owned by Consolidated Bus Lines, Inc., and operated by Fred H. Newnam. W. J. Reid claims property damage. Mary Reid claims personal injuries and damages. Defendants denied negligence and also alleged contributory negligence on the part of Mary Reid. The collision occurred in the City of High Point on 13 April 1970 on a paved street. The rear of the automobile was struck by the front portion of the bus.

Without objection, issues of negligence, contributory negligence and damages for personal injury as to Mary Reid and damages for property damage as to W. J. Reid were submitted to the jury. The jury answered the issues of negligence and contributory negligence in the affirmative. Plaintiffs appealed from the judgment entered holding that they were not entitled to recover of the defendants.

*Clarence C. Boyan for plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and William F. Womble, Jr., for defendant appellees.*

MALLARD, Chief Judge.

The trial judge did not commit error, as plaintiff contends, in permitting the defendants to amend their answer to conform to the evidence after the evidence on both sides was in and after the parties had argued the case to the jury. *Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972) ; G.S. 1A-1, Rule 15.

Plaintiff also contends that the trial judge committed error in the instructions given to the jury. After an examination of the charge as a whole, we are of the opinion that the trial judge did not commit prejudicial error therein.

In the trial we find no prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.