CYNTHIA MOBLEY v. CHARLES EVANS HILL AND DOUGLAS McCARR
WALTERS

JAMES DARDEN v. CHARLES EVANS HILL AND DOUGLAS McCARR
WALTERS

No. 853SC932

(Filed 1 April 1986)

1. **Rules of Civil Procedure § 15.2— amendment of pleadings to conform to evidence—no error**

   The trial court did not err by allowing an amendment to the pleadings to conform them to the evidence where there was no prejudice from allowing the amendment at the charge conference, even though defendant Walters had already announced that he would not introduce evidence, because defendant Walters did not move to reopen evidence, has not suggested what evidence he might produce, and no additional evidence appears to have been available to either side; the complaints contained general allegations of failure to exercise reasonable care, there was no dispute as to whether the accident and injury occurred, but only as to how, the record does not reflect any discovery or motions for summary judgment and it is not surprising that the specific facts of the negligence first became apparent at trial; and the specific allegations added by the amendment were supported by evidence in the record.

2. **Automobiles and Other Vehicles § 55.2— driving without lights—evidence sufficient**

   The evidence supported a verdict against defendant Walters in an action arising from an automobile collision where the evidence was sufficient to support a jury finding that Walters caused the accident by driving in the dark without his lights; cases holding that an unexpected left turn across the path of an oncoming vehicle insulated the driver of the through vehicle from liability do not apply because Walters did not have his headlights on and the turning driver in this case had no warning that Walters was approaching; and defendant Walters did not object to instructions on theories of negligence other than his failure to have his headlights on. App. Rule 10(b)(2). N.C.G,S. 1A-1, Rule 50(a).

3. **Evidence § 41— testimony as to whether defendant driver at fault—properly stricken**

   The trial court did not err by striking cross-examination testimony from one plaintiff that an automobile accident was not defendant Walters' fault. N.C.G.S. 8C-1, Rules 701 and 704.

4. **Appeal and Error § 30.2— general objection—insufficient**

   In a case arising from an automobile accident, the question of whether the court erred by admitting evidence that defendant Walters' car lay across the center line after the accident was not properly before the Court of Appeals

where defendant only objected generally to the admission of the evidence. N.C.G.S. 8C-1, Rule 103(a).

APPEAL by defendant Douglas McCarr Walters from *Tillery, Judge.* Judgment entered 24 April 1985 in Superior Court, PITT County. Heard in the Court of Appeals 17 January 1986.

This is an automobile accident personal injury case, in which plaintiff passengers sued defendant drivers. The accident occurred at about 5:20 p.m. on 24 December 1983. Both plaintiffs were passengers in an automobile operated by defendant Walters heading east on a Greenville city street. Walters entered an intersection at the same time as defendant Hill, who was headed west. As Hill was making a left turn, the two vehicles collided. Plaintiffs suffered personal injury. At trial the jury found that Hill was not negligent but that Walters was negligent. The jury awarded plaintiff Darden $15,000 and plaintiff Mobley $8,000. Defendant Walters appeals.

*Dixon, Duffus & Doub, by Curtis C. Coleman, III, and J. David Duffus, Jr., for plaintiff-appellees.*

*Speight, Watson and Brewer, by Vicki Y. Gregory and W. H. Watson, for defendant-appellant Walters.*

*No brief filed for defendant Hill.*

EAGLES, Judge.

In this appeal defendant Walters assigns as error several evidentiary rulings, a ruling allowing an amendment to the pleadings, and denial of his directed verdict and judgment n.o.v. motions based on the insufficiency of the evidence. He has grouped them together in a somewhat confusing manner, in violation of our rule requiring that questions be stated separately. App. R. 28(b)(5). Nevertheless, we have carefully reviewed them. We find no prejudicial error.

I

[1] We address first Walters' argument that the court erred in allowing an amendment to the pleadings to conform them to the evidence presented at trial. The complaints against Walters alleged that he was negligent in failing to see that his movement

could be made safely, in failing to keep a proper lookout, in failing to reduce speed to avoid an accident, and in failing to exercise reasonable care. By oral motion during the charge conference, plaintiffs sought to amend their pleadings by adding allegations that Walters negligently failed to keep his vehicle under control, failed to keep his vehicle to the right of the center line, and failed to have his headlights on. Walters assigns error to the court's allowing this motion.

## A

"When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." G.S. 1A-1, R. Civ. P. 15(b). Even though technically no amendment is required when issues are tried by implied consent, the better practice is to move to amend the pleadings to actually reflect the theory of recovery. *Roberts v. William N. & Kate B. Reynolds Mem. Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972). Those amendments should be freely allowed. *Id.*; R. Civ. P. 15(b). The rule is framed in mandatory terms: issues "*shall* be treated as if they had been raised. . . ." [Emphasis ours.] *See Wallin v. Fuller*, 476 F. 2d 1204 (5th Cir. 1973) (under identical language of federal rule, reversible error to deny amendment offered at charge conference). An amendment to conform the pleadings to the evidence may be offered even after oral argument. *Reid v. Consolidated Bus Lines, Inc.*, 16 N.C. App. 186, 191 S.E. 2d 247 (1972). To limit the scope of the issues raised by the evidence at trial, it is the duty of the opponent to object specifically to evidence offered at trial as being outside the scope of the pleadings. *Roberts*. Absent objection, the party will be deemed to have impliedly consented to trial of the issues. *Id.* Even when a timely specific objection is made, the party objecting must show some actual prejudice arising from a proposed amendment, *i.e.*, some undue disadvantage or difficulty in presenting the merits of its case. *Id.; see* Annot., 20 A.L.R. Fed. 448 (1974) (collecting decisions under identical language of federal rule).

## B

Walters argues that he suffered special prejudice here because he had already announced that he would not introduce evidence when the motion to amend was made. We have affirmed

allowance of pleading amendments even after oral argument. *Reid v. Consolidated Bus Lines, Inc., supra.* Walters' announcement, nothing more appearing, does not give rise to prejudice. Walters did not move to reopen the evidence after the amendment, nor has he suggested here what, if any, evidence he might have introduced. It is difficult to imagine how the amendment changed the merits of the case significantly: all the witnesses to the accident (except Walters) had testified at length and no additional evidence appears to have been available to either side.

## C

We note that the complaints contained general allegations of failure to exercise reasonable care. The only transaction at issue was the accident; no dispute arose as to *whether* the accident and injury occurred, but only as to *how.* The record does not reflect any pre-trial discovery or motions for summary judgment. Under these circumstances with "notice pleading," it is not surprising that the specific facts of the negligence alleged first became apparent at the trial stage.

## D

Turning to the specific allegations added by the pleadings amendment, each of them is supported by evidence in the record and was therefore properly allowed.

The amendment added an allegation that Walters negligently failed to have his lights on. Witness Darden testified that it was dusk when he left home. Witness Barrett testified that it was dark enough to have car lights on. Witness White, the investigating officer, testified that it was dark. White also testified regarding the condition of the headlights of the two cars. Witness Gordon was asked, but could not remember, whether Walters had his lights on. Witness Hill testified affirmatively that Walters did not have his lights on; witness Darden testified affirmatively that Walters did have his lights on. None of this testimony was objected to on the ground that it was outside the pleadings. Accordingly, this amendment was properly allowed. The evidence clearly created a jury question.

The amendment also added an allegation that Walters failed to keep his vehicle to the right of the center line. Witness White testified that, after the accident, Walters' car lay further across

the center line than Hill's, and that the damage to both cars was directly across the front of each. Witness Hill also testified that a third of Walters' car came over into his lane. None of this testimony was objected to on the ground that it was outside the pleadings. Again, the amendment was properly allowed since the evidence raised an issue for the jury.

Finally, the amendment added an allegation that Walters failed to keep his vehicle under proper control. The duty to keep one's vehicle under proper control has not always been defined with precision and is often interrelated with the duty to maintain a safe speed. *See Radford v. Norris*, 74 N.C. App. 87, 327 S.E. 2d 620, *disc. rev. denied*, 314 N.C. 117, 332 S.E. 2d 483 (1985). Nevertheless, it appears that there was evidence tending to show that Walters' car swerved without explanation into Hill's line of travel which would tend to show a violation of that duty. *See Hunt v. Carolina Truck Supplies, Inc.*, 266 N.C. 314, 146 S.E. 2d 84 (1966) (defendant swerved into path of oncoming car; affirming judgment for plaintiff on lack of control theory); *see also* 7A Am. Jur. 2d Automobiles & Highway Traffic Section 415 (1980).

For the reasons stated, we conclude that plaintiffs' amendment was properly allowed.

II

[2] We now consider whether the evidence supported a verdict against Walters under any of the theories submitted. Walters raises this question by assignments of error to the denial of his motions for directed verdict and for judgment notwithstanding the verdict. These assignments raise the same evidentiary question. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 329 S.E. 2d 333 (1985). The question is whether plaintiffs produced more than a scintilla of evidence, taking the record in the light most favorable to plaintiffs and with every favorable inference, that Walters was negligent and that his negligence caused their injuries. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). In "borderline" cases, the issue should be submitted to jury, in reliance on the common sense of the jurors and to avoid unnecessary appeals. *Cunningham v. Brown*, 62 N.C. App. 239, 302 S.E. 2d 822, *disc. rev. denied*, 308 N.C. 675, 304 S.E. 2d 754 (1983).

## A

A motion for directed verdict shall state specific grounds. G.S. 1A-1, R. Civ. P. 50(a). Grounds not specifically raised at trial generally may not be raised on appeal, unless it is readily apparent from the record what grounds were relied on at trial. *Lee v. Keck*, 68 N.C. App. 320, 315 S.E. 2d 323, *disc. rev. denied*, 311 N.C. 401, 319 S.E. 2d 271 (1984). A motion for judgment notwithstanding the verdict involves the same legal questions raised by the motion for directed verdict, R. Civ. P. 50(c), and is therefore equally restricted as a basis for asserting error on appeal. Walters raised two grounds in his motion for directed verdict: that there was no evidence of his negligence and that his negligence was insulated by Hill's sudden turn in front of him. We consider these grounds only.

## B

As noted above, the evidence created a jury question as to whether Walters had his lights on. There was evidence that it was dark. Although it does not appear of record, we take judicial notice of the fact that December 24 is one of the shortest days of the year. This last point lies equally within the common knowledge of jurors. It is fundamental that it is negligent to drive in the dark without lights, and that motorists have a right to assume that oncoming motorists will travel with lights on when it is dark. G.S. 20-129; *White v. Lacey*, 245 N.C. 364, 96 S.E. 2d 1 (1957); *Chaffin v. Brame*, 233 N.C. 377, 64 S.E. 2d 276 (1951). The evidence here is adequate to support a jury finding that Walters negligently caused the accident by driving without his lights on. Nothing else appearing, that negligence could support a jury verdict against Walters. *White v. Lacey, supra.*

## C

Walters argues that regardless of his own negligence or lack of negligence, Hill's negligence was the sole proximate cause of the accident and therefore insulates him from liability. He relies, as he did in the trial court, on four cases: *Dolan v. Simpson*, 269 N.C. 438, 152 S.E. 2d 523 (1967); *Harris v. Parris*, 260 N.C. 524, 133 S.E. 2d 195 (1963); *Hudson v. Petroleum Transit Co., Inc.*, 250 N.C. 435, 108 S.E. 2d 900 (1959); *Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808 (1940). In each case a driver made a sudden left turn across

the path of an oncoming vehicle. In each case the unexpected turn was held to be negligence which insulated the driver of the through vehicle from liability. However, in each case the turning driver had a clear opportunity to see the oncoming car: in *Harris*, the accident occurred at noon on a clear day, and in the other three cases, involving nighttime accidents, the evidence established that the oncoming car did in fact have its headlights on. These cases do not apply here, where the theory was that Hill had no warning that Walters was approaching because Walters did not have his headlights on. We conclude that the case was properly submitted to the jury on this issue.

### D

The case was submitted to the jury on other theories besides Walters' failure to have his headlights on. Walters did not object to the jury instructions at trial, however, nor did his motions specifically address these other theories. He did not tender or request special issues. Accordingly, we need not address the sufficiency of the evidence to support the instructions on these other theories. App. R. 10(b)(2); *Lee v. Keck, supra*. Walters' assignments to the denial of his motions for directed verdict and judgment notwithstanding the verdict are overruled.

### E

Walters also assigns error to the denial of his motion for a new trial. That motion was addressed to the sound discretion of the trial court, reversible only for abuse of discretion. We perceive no abuse. *Commercial Credit Corp. v. Wilson*, 23 N.C. App. 227, 208 S.E. 2d 527 (1974). This assignment is also overruled.

### III

Walters' remaining arguments attack several evidentiary rulings.

### A

[3] Walters contends that the court erred in striking the following evidence elicited on his cross-examination of plaintiff Darden:

> Q: As a matter of fact, isn't it a fact that [the accident] was not Mr. Walters' fault; is that correct?
>
> A: That's right.

---

[Objection sustained and motion to strike allowed.]

We disagree. G.S. 8C-1, R. Ev. 704 does allow admission of lay opinion evidence on ultimate issues, but to qualify for admission the opinion must be helpful to the jury. R. Ev. 701. "[M]eaningless assertions which amount to little more than choosing up sides" are properly excludable as lacking helpfulness under the Rules. *Id.*, Commentary; *see Owen v. Kerr-McGee Corp.*, 698 F. 2d 236 (5th Cir. 1983) (under identical federal rules) (affirming exclusion of question "do you have any opinion as to the cause of the accident"). The court ruled correctly.

[4] Walters also attempts to challenge the admission of evidence that after the accident his car lay across the center line. He only objected generally to the admission of this evidence, however, and this question is not properly before us. R. Ev. 103(a); 1 H. Brandis, N.C. Evidence Section 27 (1982). These objections do not provide any basis for limiting the scope of the issues tried expressly or by implied consent. *Roberts v. William N. & Kate B. Reynolds Mem. Park, supra.* We find no error in the admission of any of this evidence.

CONCLUSION

Walters has failed to demonstrate any prejudicial error in the trial.

No error.

Judges MARTIN and COZORT concur.