DAVID P. ZAGAROLI v. JAMES S. POLLOCK; SARAH H. POLLOCK; AND
HICKORY MARINA, INC.

No. 8825SC910

(Filed 6 June 1989)

1. Trespass § 7— marina on power company lake—peremptory
   instruction for owner of submerged land—no error

   In a trespass action in which plaintiff sued defendants,
   claiming that a marina owned and operated by defendants
   in Lake Hickory was located on or above plaintiff's submerged
   property, the trial court did not err by giving a peremptory
   instruction on the issue of trespass where none of defendants'
   evidence contradicted plaintiff's evidence in regard to the loca-
   tion of the real property and only one inference could be drawn
   from the evidence.

2. Evidence § 25— trespass action—survey map—admissible

   There was no error in a trespass action in the admission
   of a survey map where defendants failed to request a limiting
   instruction or to object specifically to the admission of the
   map for substantive purposes; the map was used primarily
   to illustrate witnesses' testimony even though it was intro-
   duced for substantive purposes; and the surveyor who drew
   the map testified as to how he found some of the corners
   of plaintiff's property and used the deed to plaintiff, old surveys,
   and adjoining landowners' boundary lines to help him draw
   the map.

3. Appeal and Error § 24— denial of motion for directed verdict—
   evidence presented—motion not renewed—no appeal

   Defendants could not argue on appeal that the trial court
   erred by denying their motion for a directed verdict when
   they presented evidence and did not renew their motion.

4. Trespass § 11— marina over submerged land—judgment against
   individual defendants—motion to set aside

   In a trespass action involving a marina owned and operated
   by defendants on Lake Hickory on and above submerged land
   claimed by plaintiff, the trial court abused its discretion by
   failing to set aside its judgment against Mr. Pollock, since
   there was no evidence of any legal responsibility for the opera-
   tion of a marina other than as president of the corporation,

but did not abuse its discretion as to Mrs. Pollock, who was the owner of the boathouse, slips, and walkways and who was responsible along with the corporate defendant for the operation of the marina.

5. **Trespass § 6— marina on power company lake—fair rental value—opinion by owner of submerged land**

The trial court did not err in a trespass action arising from the operation of a marina over plaintiff's submerged land by admitting plaintiff's testimony as to the fair rental value of the property where plaintiff demonstrated sufficient personal knowledge to enable him to testify regarding his opinion and the opinion was helpful to the jury. N.C.G.S. § 8C-1, Rules 701 and 704.

6. **Waters and Watercourses § 6; Eminent Domain § 3.4— taking under Federal Power Act—no eminent domain proceeding— limits of taking**

In a trespass action involving the operation of a marina on Lake Hickory over plaintiff's submerged land by defendants with a permit from Duke Power Company, the trial court did not err by refusing to rule as a matter of law that the Federal Power Act granted Duke Power and its licensee the exclusive right to determine the use of the lake's surface waters. Neither Duke Power nor its predecessor in title took the land by eminent domain and therefore obtained nothing more than a flooding easement over plaintiff's land; Duke Power may place limitations on the landowner's use of his property in accordance with federal law, but the Federal Power Act does not give Duke Power the authority to grant defendants the right to use plaintiff's property without the assent of the plaintiff.

APPEAL by defendants from *Lamm, Judge*. Judgment entered 29 March 1988 in Superior Court, CATAWBA County. Heard in the Court of Appeals 16 March 1989.

This is a trespass case. Plaintiff sued defendants claiming that a marina owned and operated by defendants was located on or above plaintiff's submerged property. Plaintiff alleges he owns land that is now covered in part by Lake Hickory. Defendants answered asserting that the marina was erected and maintained in compliance with a permit granted to defendants by Duke Power Company.

Lake Hickory is a flooded portion of the Catawba River under the control of Duke Power Company pursuant to the Federal Power Act. 16 U.S.C. section 791(a) *et seq.* The evidence at trial tended to show that plaintiff's predecessor in title owned land that Duke Power's predecessor in title wanted to flood. In 1928 plaintiff's predecessor in title conveyed to the power company "all riparian rights pertaining to the hereinafter described land, including the right, privilege, and easement to back, pond, raise or divert the waters of the Catawba River and its tributaries upon, over, or away from the same. . . ." The land was then described by metes and bounds and the two tracts were approximately 20 acres in area. In 1987 plaintiff obtained title to a $6^5/6$ acre parcel of land which was a portion of the land that was subject to the 1928 easement.

In April of 1985 defendant Hickory Marina, Inc. obtained from Duke Power a permit for the commercial use of a

> tract of land in Hickory Township, Catawba County, North Carolina, lying within the bed of Lake Hickory, containing 1.8 acres, as shown on plat thereof dated July 19, 1983, marked Oxford File No. 1066. . . .

The permitted use of the area was for a "commercial boat marina and recreation area." The individual defendants are the officers and only shareholders of Hickory Marina, Inc.

There was evidence introduced pertaining to the location of plaintiff's property in relation to defendant's property and the lake. The evidence was that portions of the marina's boat docks, piers and walkways encroached on plaintiff's submerged and dry land. Plaintiff sought recovery of the reasonable rental value of the land during the period of trespass and the removal of fixtures, structures, and personal property of the defendants from plaintiff's land. At the close of plaintiff's evidence defendants moved for a directed verdict. The trial court denied the motion. At that time plaintiff also moved for a directed verdict which the court took under consideration until the close of all the evidence. At the close of all the evidence plaintiff renewed his motion for directed verdict which the court granted on the issue of defendants' trespass. The trial court gave the jury a peremptory instruction on trespass and the jury answered in plaintiff's favor. The jury set damages at $9,000. Defendants appeal.

**ZAGAROLI v. POLLOCK**

[94 N.C. App. 46 (1989)]

*Cagle and Houck, by Joe N. Cagle and William J. Houck, for plaintiff-appellee.*

*Rudisill and Brackett, by J. Steven Brackett, and Sigmon, Clark and Mackie, by E. Fielding Clark, II, for defendant-appellants.*

EAGLES, Judge.

Defendants have presented seven arguments to this court for review. First, defendants argue that the trial court erred in failing to grant defendants' motions to dismiss for plaintiff's failure to prove title. Alternatively, defendants argue the trial court erred in failing to submit the issue of whether the land upon which the marina docks, boathouses, etc. were placed was the land described in plaintiff's deed. Second, defendants argue the trial court committed reversible error in admitting into evidence a survey map. Defendants' third argument is that the trial court erred when it failed to rule as a matter of law that defendants had the right to locate boat docks on or over property claimed by plaintiff based upon defendants' permit from Duke Power Company. Fourth, defendants assert the trial court erred when it failed to allow defendants' request for an instruction on trespass. Defendants also argue that the trial court erred when it failed to dismiss the case against the individual defendants and when it failed to rule on defendants' motion to set aside the jury's verdict as to the individual defendants. Defendants' sixth argument is based on the trial court's allowing into evidence opinion testimony from the plaintiff regarding the fair rental value of the property. Finally, defendants argue that the trial court erred as a matter of law when it failed to rule that the Federal Power Act granted Duke Power Company and its permittees the exclusive right to determine the use of the surface waters of Lake Hickory. After careful consideration of the record and arguments of the parties, we reverse in part and affirm in part.

I

[1] Defendants' first argument is that the trial court erred in failing to grant defendants' motion to dismiss or, alternatively, the court erred in failing to submit to the jury the issue of whether the plaintiff was the owner of the land in question. Defendants assert that both the title and location of the property purportedly belonging to plaintiff were in issue in this case and plaintiff failed

ZAGAROLI v. POLLOCK

[94 N.C. App. 46 (1989)]

to meet his burden of proving the location of his property. Defendants' argument is without merit.

Plaintiff presented evidence consisting of deeds in his chain of title, testimony of the attorney who performed the title search prior to plaintiff's purchase of the property, testimony of a surveyor who surveyed the land, testimony of a diver who observed the boat docks and slips, and testimony of plaintiff's predecessor in title. All of the evidence presented by plaintiff tended to show that the boat docks and slips were attached to either plaintiff's dry land or plaintiff's land that was underwater. Plaintiff had the burden of proving title to the property in question. Although the trial court stated that a directed verdict was granted in favor of the plaintiff on the issue of trespass, the court gave a peremptory instruction to the jury on that issue. This is proper when there is no conflict in the evidence and but one inference can be drawn from the evidence. *See Cutts v. Casey*, 278 N.C. 390, 418-19, 180 S.E. 2d 297, 312 (1971). None of defendants' evidence contradicted the evidence of plaintiff in regard to the physical location of plaintiff's real property. Defendants merely questioned the surveyor's practices in determining the corners and lines called for in the plaintiff's deed. If the jury found the evidence presented to be true, only one inference could be drawn. The one permissible inference would be that plaintiff owned the land in question and defendants' property was situated thereon. The peremptory instruction was appropriate.

II

[2] Defendants' second argument is that the trial court erred in admitting into evidence a survey map, exhibit #10. Defendants assert the map was not the result of a survey of the property described in plaintiff's deed but was "a map of a partial survey . . . nothing more than a written declaration by [the surveyor] of a tract which he thought belonged to [the plaintiff]." Further, defendants argue the map could not properly be admitted as substantive evidence, but only as illustrative evidence. Defendants' arguments are without merit.

To be admissible, maps, surveys and the like must be authenticated and verified as accurate and true by a qualified witness. In North Carolina, such exhibits are admissible for illustrative, not substantive purposes. *Searcy v. Logan*, 226 N.C. 562, 566, 39 S.E. 2d 593, 595 (1946). However, there is no reversible error where

maps and surveys are admitted for substantive purposes absent a timely request for limiting instructions made by the objecting party. *Scovill Mfg. Co. v. Town of Wake Forest*, 58 N.C. App. 15, 24, 293 S.E. 2d 240, 247, *rev. denied*, 306 N.C. 559, 294 S.E. 2d 371 (1982). The fact that defendants in this case failed to request such a limiting instruction or to object specifically to the admission of the map for substantive purposes prevents our finding reversible error. We also note that, even though introduced for substantive purposes, the map was used primarily to illustrate witnesses' testimony.

Defendants' argument that the map was "not the result of a survey" is not supported by the record. The surveyor who drew the map and went out to the property testified how he found some of the corners of plaintiff's property and used the deed to the plaintiff to draw the map. The surveyor also testified that he used old surveys and adjoining landowners' boundary lines to help him draw the map. The testimony of the surveyor was sufficient to allow the admission of the map.

### III

[3] Defendants' third argument is that the trial court committed reversible error in failing to rule as a matter of law that the Marina's permit from Duke Power gave defendants the right to locate the boat docks and other structures where they were found. Defendants list two exceptions under their assignment of error: first, the denial of defendants' directed verdict motion made at the close of plaintiff's evidence; and, second, the granting of plaintiff's directed verdict motion made at the close of all the evidence. We are not persuaded.

It appears from the record that defendants failed to renew their motion for directed verdict after they presented evidence. By introducing evidence, defendants waived their motion for directed verdict made at the end of plaintiff's evidence. *Rice v. Wood*, 82 N.C. App. 318, 346 S.E. 2d 205, *cert. denied*, 318 N.C. 417, 349 S.E. 2d 599 (1986). Defendants, therefore, cannot base this assignment of error on the court's denial of their motion for directed verdict made at the close of plaintiff's evidence.

The second basis for defendants' assignment of error on this issue is the granting of plaintiff's directed verdict motion. As discussed in section I above, the court's action in regard to the motion

was not error. The trial court correctly gave a peremptory instruction on the issue of trespass.

## IV

Defendants next argue that the trial court erred when it failed to instruct the jury on the elements of trespass as requested. Based on our discussion in section I, above, we conclude that defendants' argument is without merit. The trial court correctly gave a peremptory instruction on the issue of trespass.

## V

[4] Defendant next argues that the trial court erred in failing to dismiss the case against the individual defendants, and, alternatively, erred in failing to rule on the motion to set aside the verdict as to the individual defendants. Defendants assert that the trial court abused its discretion in failing to either dismiss the case against the individual defendants or set aside the verdict against them.

The record does not disclose a motion to dismiss made by the individual defendants based on lack of evidence relating to them. However, the transcript does reveal that the individual defendants made a motion to set aside the verdict. The transcript also reveals that the trial court did not rule on the motion at the time it was made. The trial court advised the defendants' counsel to have the motion calendared for subsequent hearing in the event plaintiff would not agree to a judgment against the corporate defendant only. There is nothing in the record to show defendants calendared their motion for hearing. Accordingly, we treat the signing of the judgment against all named defendants as an implicit denial of defendants' motion.

Our review of a trial court's discretionary ruling denying a motion to set aside a verdict is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion. *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E. 2d 599, 602 (1982). On this record, we find the trial court did not abuse its discretion in failing to set aside the verdict against the individual defendant Mrs. Pollock. The evidence in this case regarding the operation of the marina shows that both the corporate defendant, Hickory Marina, Inc., and the individual defendant, Mrs. Pollock, were responsible for the marina's operation. Defendants' own exhibits show that Mrs. Pollock was the owner of the boat-

**ZAGAROLI v. POLLOCK**

[94 N.C. App. 46 (1989)]

houses, slips and walkways. Hickory Marina, Inc. was the holder of the permit from Duke Power. However, there is no evidence tending to show any legal responsibility for the marina's operation on the part of Mr. Pollock, other than as president of Hickory Marina, Inc. Therefore, we hold that the failure to set aside the judgment as to Mr. Pollock individually was an abuse of discretion; the judgment as it relates to Mr. Pollock is reversed.

## VI

[5] Defendants' sixth argument is that there was no competent evidence upon which the jury could base an award of damages. Defendants assert that opinion testimony of the plaintiff regarding the fair rental value of the property was erroneously introduced. Defendants base their argument on G.S. 8C-1, Rule 701 and G.S. 8C-1, Rule 704. Defendants' argument is without merit.

Rule 701 of the North Carolina Rules of Evidence allows opinion testimony from lay witnesses only when "rationally based on the perception of the witness." Defendants argue there was no basis for plaintiff's opinion. The record shows otherwise. Plaintiff testified that he was a real estate developer and that he had owned and developed other lakefront property. Plaintiff testified as to the amount he paid for the property he owned. He also testified as to the amount of revenue generated for defendants from rentals over the disputed property. Plaintiff demonstrated sufficient personal knowledge to enable him to testify regarding his opinion.

Rule 704 of the North Carolina Rules of Evidence deals with admission of opinion evidence on ultimate issues. Defendants argue that since the fair rental value of the property in a trespass case is an ultimate issue for the jury, plaintiff's lay opinion was inadmissible. Defendants' argument is without merit. Rule 704 states that "[t]estimony in the form of opinion . . . is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." G.S. 8C-1, Rule 704. The rule does allow admission of lay opinion on the ultimate issue if the opinion is "helpful to the jury" and not merely "choosing up sides." *Mobley v. Hill*, 80 N.C. App. 79, 86, 341 S.E. 2d 46, 50 (1986). In this case, opinion testimony regarding the fair market value of the property trespassed upon was certainly helpful to the jury and was not merely choosing sides. The court correctly overruled defendants' objection to the testimony.

## VII

[6] Defendants' final argument is that the trial court erred when it failed to rule as a matter of law that the Federal Power Act, 16 U.S.C. section 791(a), *et seq.*, granted Duke Power, and its licensee Hickory Marina, Inc., the exclusive right to determine the use of the lake's surface waters. We disagree with defendants' argument and overrule this assignment of error.

Defendants are correct in asserting that the Federal Power Act vests substantial authority in the power companies who obtain licenses from the Federal Energy Regulatory Commission (FERC) to operate hydroelectric dams. Duke Power is such a licensee. However, the Federal Power Act did not abolish private proprietary rights. *Federal Power Comm. v. Niagara Mohawk Power Corp.,* 347 U.S. 239, 250-51, 98 L.Ed. 666, 676, 74 S.Ct. 487, 494 (1954). Although a FERC licensee may exercise the power of eminent domain over lands which will make up the bed of a lake associated with a hydroelectric dam, 16 U.S.C. section 814, neither Duke Power nor its predecessor in title took the land in question by eminent domain. Without the exercise of the power of eminent domain, on this record Duke Power and its predecessor in title obtained nothing more than a flooding easement over land owned by plaintiff. Under the Federal Power Act Duke Power may place limitations on the landowner's use of his property in accordance with federal law. However, the Federal Power Act does not give Duke Power the authority to grant defendants the right to use plaintiff's property without the assent of the plaintiff. To hold otherwise would in effect authorize the taking of property without just compensation.

For the reasons stated, the judgment as to the individual defendant Mr. Pollock is reversed; in all other respects the judgment is affirmed.

Reversed in part; affirmed in part.

Judges COZORT and GREENE concur.