EDITH A. BROWN, INDIVIDUALLY, AND BERNITA BROWN, A MINOR CHILD, BY AND THROUGH HER GUARDIAN AD LITEM, EDITH A. BROWN, PLAINTIFFS v. CLARRIE BELL LYONS AND ROBERT LYONS, DEFENDANTS

No. 889SC746

(Filed 18 April 1989)

1. **Pleadings § 33.3 — automobile accident — motion to amend complaint denied — no abuse of discretion**

   The trial court did not abuse its discretion in denying plaintiffs' motion to amend her complaint in an action arising from the collision of plaintiff's moped with defendants' automobile where the motion to allege that either Mr. or Mrs. Lyons negligently operated the automobile was filed seven months after defendants' original answer admitting that Clarrie Lyons owned and was operating the automobile, six months after defendants offered the certificate of title as proof of ownership and requested plaintiffs to admit that Clarrie Lyons owned the automobile; and, although the motion was filed only six weeks after a deposition revealed that a thirteen-year-old witness had seen a man's hat and jacket in the front seat of the automobile but had not seen who was driving, defendant Robert Lyons' motion for summary judgment had already been filed and over three years had passed since the accident without any mention of liability based on Robert Lyons' operation of the vehicle. N.C.G.S. § 1A-1, Rule 15(a).

2. **Automobiles and Other Vehicles § 50 — collision of automobile and moped — summary judgment for one defendant — no error**

   The trial-court did not err in an action arising from the collision of an automobile with a moped by granting defendant Robert Lyons' motion for summary judgment where the materials before the trial court established that Clarrie Lyons owned the automobile and was driving it at the time of the

collision and there was no basis on which to hold Robert Lyons liable for negligence.

**3. Rules of Civil Procedure § 56.4— summary judgment—deposition contradicting admissions in pleadings**

The trial court did not err in an action arising from the collision of an automobile with a moped by refusing to consider a deposition in support of plaintiffs' motion to amend the complaint and in response to one defendant's motion for summary judgment to the extent that that testimony might show that someone other than Clarrie Bell Lyons was driving the automobile. A party may not create a genuine issue of material fact in order to avoid summary judgment by presenting deposition testimony which contradicts prior judicial admissions in his pleadings.

**4. Parent and Child § 5.1— injury to minor child—standing of noncustodial grandmother to bring action**

The trial court did not err in an action arising from the collision of an automobile and a moped by granting summary judgment for defendants on plaintiff Edith Brown's individual claim as parent of the injured Bernita Brown where neither plaintiffs' evidence before the court nor the pleadings establish that Edith Brown had legal custody of Bernita or was responsible for Bernita's medical expenses. Moreover, the court did not err by refusing to grant a continuance to allow plaintiffs to secure from Emanuel Brown a waiver of his right to bring the parental claim, allowing Bernita or her grandmother to bring the claim, since there was no basis in law for the action plaintiffs wished to take.

**5. Automobiles and Other Vehicles § 63.1— collision of automobile with moped—moped crossing road—summary judgment against defendant improper**

The trial court erred in granting summary judgment against Edith Brown as guardian ad litem for Bernita Brown in an action arising from the collision of an automobile driven by Clarrie Lyons with a moped ridden by Bernita Brown where two witnesses estimated that the Lyons' car was traveling around 60 miles per hour; Clarrie Lyons testified that she was driving around 45 miles per hour and applied the brakes when she first saw Bernita; she testified that even though she saw Bernita, she did not have time to blow the car horn;

she remembered pressing hard on the brakes to avoid the collision but there were no skid marks on the road; and she testified that she saw Bernita waiting by the roadside and then the moped "took on off across the road." The evidence presented was sufficient to survive a motion for summary judgment, and whether the presumption that Bernita, age thirteen, was incapable of contributory negligence was rebutted was a question for the jury.

APPEAL by plaintiffs from *Clark (Giles R.)*, and *Barefoot (Napolean B.), Judges*. Orders and judgments entered 25 September 1987 and 7 March 1988 in Superior Court, WARREN County. Heard in the Court of Appeals 15 February 1989.

Plaintiffs' complaint alleges that Bernita Brown, age 13, was injured on 10 March 1984 when her moped collided with a car kept and maintained by defendants Clarrie Bell Lyons and Robert Lyons and driven by Clarrie Bell Lyons. Bernita and her grandmother, Edith A. Brown, seek $500,000.00 in actual damages for injuries to Bernita's legs, wrists and pelvis.

On 25 September 1987, Judge Clark granted Robert Lyons' motion for summary judgment as to all issues arising in the case. On that same date, Judge Clark denied plaintiffs' motion for leave to amend their complaint. On 7 March 1988, Judge Barefoot granted Clarrie Bell Lyons' motion for summary judgment as to all issues in the case. Plaintiffs appeal.

*Robert T. Perry for plaintiffs-appellants.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by James H. Johnson III and Marilyn Ann Bair, for defendants-appellees.*

LEWIS, Judge.

Plaintiffs bring forward four assignments of error. First, they contend the trial court erred in denying plaintiffs' motion to amend the complaint pursuant to G.S. 1A-1, Rule 15. Plaintiffs' second assignment of error is to the granting of Robert Lyons' motion for summary judgment. Third, plaintiffs assign error to the trial court's refusal to consider a certain deposition in connection with the motion to amend the complaint and in response to Robert Lyons' motion for summary judgment. Finally, plaintiffs contend the trial court erred in granting Clarrie Bell Lyons' motion for

summary judgment. We have reviewed plaintiffs' assignments of error and conclude Judge Barefoot erred in granting summary judgment in favor of Clarrie Bell Lyons with respect to those claims asserted by Edith A. Brown as guardian *ad litem*. Plaintiffs' remaining assignments of error are overruled.

[1] We first address plaintiffs' assignment of error to Judge Clark's denial of plaintiffs' motion to amend their complaint. The original complaint filed on 24 October 1986 alleged that Clarrie Bell Lyons was operating the automobile and that her negligence was imputed to Robert Lyons as owner of the automobile. Defendants' answer admitted that Clarrie Bell Lyons owned the automobile and was operating it at the time of the collision. On 23 July 1987, the parties deposed Jewelyn Battle, a 13-year-old child present at the scene of the collision. Jewelyn testified that she saw a man's hat and jacket in the driver's seat of the car that struck the moped but that she did not see who was driving the automobile. On 4 September 1987, plaintiffs filed a motion for leave to amend the complaint to allege that Robert Lyons or Clarrie Bell Lyons negligently operated the automobile. Determining "that if said motion were allowed that prejudice would result to defendant Robert Lyons," Judge Clark denied the motion.

Leave to amend pursuant to G.S. 1A-1, Rule 15(a) should be "freely given except where the party objecting can show material prejudice by the granting of a motion to amend." *Martin v. Hare*, 78 N.C. App. 358, 360, 337 S.E. 2d 632, 634 (1985). The motion to amend may be denied for "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments." *Id.* at 361, 337 S.E. 2d at 634. The ruling on a motion to amend is within the trial court's discretion and is not reviewable absent an abuse of discretion. *Id.* In this case, plaintiffs' motion to amend was filed seven months after defendants' original answer admitted that Clarrie Bell Lyons owned and was operating the automobile and nearly six months after defendants offered the certificate of title as proof of ownership and requested plaintiffs to admit that Clarrie Bell Lyons owned the automobile. Despite the fact that plaintiffs' motion was filed only six weeks after Jewelyn's deposition was taken, Robert Lyons' motion for summary judgment had already been filed and over three years had passed since the accident without any mention of liability based on Robert Lyons' operation of the

vehicle. Upon these facts, we cannot say the trial judge abused his discretion in denying the motion. Plaintiffs' first assignment of error is overruled.

[2] Plaintiffs' second assignment of error is to the granting of Robert Lyons' motion for summary judgment. In support of this motion, he cited the allegations of the complaint and answer that Clarrie Bell Lyons was driving the car when it collided with the moped and plaintiffs' response to the request for admissions that Clarrie Bell Lyons owned the automobile. In connection with this assignment of error, plaintiffs contend the response to the request for admissions was not before the trial court at the hearing on the motion. We find no support in the record for this contention. Judge Clark's order granting summary judgment for Robert Lyons specifically states that he relied on the pleadings, defendants' request for admissions, and plaintiffs' response to the request for admissions in making his decision. Additionally, Judge Clark's order settling the record on appeal pursuant to App. R. 11 ordered that plaintiffs' response to the request for admissions be included in the record on appeal. The trial judge's settlement of the record is final and will not be reviewed on appeal. *Millsaps v. Contracting Co.*, 14 N.C. App. 321, 188 S.E. 2d 663, *cert. denied*, 281 N.C. 623, 190 S.E. 2d 466 (1972). The trial judge's settlement of the record on appeal and the judgment contradict plaintiffs' contention that the response to the request for admissions was not introduced at the hearing. Therefore, the question before this Court is whether summary judgment was properly granted in favor of Robert Lyons. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The materials before the trial court establish that Clarrie Bell Lyons owned the automobile and was driving it at the time of the collision. There is no basis on which to hold Robert Lyons liable for negligence. We find no error in the trial court's order granting summary judgment for Robert Lyons.

[3] In a related assignment of error, plaintiffs contend the trial court erred by refusing to consider the deposition of Jewelyn Battle in support of plaintiffs' motion to amend the complaint and in response to Robert Lyons' motion for summary judgment. We disagree. A party is bound by his pleadings and may not take

a contradictory position. *Rollins v. Miller Roofing Co.*, 55 N.C. App. 158, 284 S.E. 2d 697 (1981). A party may not create a genuine issue of material fact in order to avoid summary judgment by presenting deposition testimony which contradicts prior judicial admissions in his pleadings. *Id.* The trial court did not err in refusing to consider Jewelyn Battle's testimony that she saw a man's hat and coat in the driver's seat before the collision. To the extent this testimony might show that someone other than Clarrie Bell Lyons was driving the automobile, the testimony contradicts plaintiffs' pleadings and was properly excluded. This assignment of error is overruled.

[4] Plaintiffs' final assignment of error is that the trial court erred in granting Clarrie Bell Lyons' motion for summary judgment. We find no error regarding the claims by Edith A. Brown individually. However, we reverse the decision granting summary judgment as to the claims by Edith A. Brown as guardian *ad litem* for Bernita.

When an unemancipated minor child is injured by another party's alleged negligence, two claims arise: (1) a claim on behalf of the child for her losses caused by the injury, and (2) a claim by the parent for loss of services during the child's minority and for medical expenses to treat the injury. *Flippin v. Jarrell*, 301 N.C. 108, 270 S.E. 2d 482 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E. 2d 228 (1981). Based on the parental support obligation, the parental claim traditionally has been brought by the father. *Id.* In recent years, our Supreme Court has held that a mother who has custody of a minor child and contributes to its support, including medical expenses, may have standing to bring the parental claim. *Id.* That Court has also held that a father who brings an action for damages as guardian *ad litem* and conducts the case on the basis of the child's right to recover for loss of services and earning capacity before and after the age of majority has treated the child as emancipated and has waived his own right to recover. *Shields v. McKay*, 241 N.C. 37, 84 S.E. 2d 286 (1954).

Plaintiffs contend that summary judgment was improperly granted on Edith A. Brown's parental claim for two reasons. First, they contend the trial court improperly considered the affidavit of Elizabeth Reaves, an employee of Duke University Medical Center. Ms. Reaves' affidavit stated that Bernita's medical bills were originally sent to her father, Emanuel Brown, but were returned by mail to the hospital. Subsequent billing statements were sent to Bernita

at her grandmother's address. Attached to Ms. Reaves' affidavit was a statement of financial responsibility signed by Emanuel Brown. Plaintiffs contend the affidavit should not have been considered as it was not served on plaintiffs' attorney until three days before the summary judgment hearing nor filed with the court until the day of the hearing. We find no prejudice to plaintiffs in the consideration of the affidavit. Neither plaintiffs' evidence before the trial court nor the pleadings established that Edith A. Brown had legal custody of Bernita or was responsible for Bernita's medical expenses. Plaintiffs concede that Emanuel Brown has legal custody of Bernita. Thus, even without considering the evidence in Ms. Reaves' affidavit, plaintiffs have not shown a right of recovery in Edith A. Brown individually.

Plaintiffs' second argument that summary judgment was improperly granted as to Edith A. Brown's individual claims is that the trial court improperly refused to grant a continuance to allow plaintiffs to secure from Emanuel Brown a waiver of his right to bring the parental claim. Plaintiffs` reason that had Emanuel Brown waived his right to bring suit, Bernita or her grandmother could bring the parental claim. There is no case law to support plaintiffs' proposition. As noted above, Edith A. Brown has no right to recover under *Flippin v. Jarrell, supra,* as there are no allegations or evidence that the grandmother has custody or provides support for Bernita. *Shields v. McKay, supra,* cited by plaintiffs in support of their position that Bernita could bring the parental claim is also inapplicable. In this case, the father did not bring the suit as guardian *ad litem* alleging Bernita's right to recover for medical expenses and other losses during her minority. The trial court did not err in refusing to grant a continuance since there was no basis in law for the action plaintiffs wished to take. There was no error in the granting of summary judgment against Edith A. Brown individually.

[5] Finally, we reverse the trial court's order allowing summary judgment as to the claims of Edith A. Brown as guardian *ad litem*. We cannot say as a matter of law that the evidence before the trial court was insufficient to show that Clarrie Bell Lyons' negligent operation of her automobile was the proximate cause of Bernita's injuries. Both Craig Battle and Jewelyn Battle, who were present at the scene when the collision occurred, estimated the Lyons' car was travelling around 60 miles per hour. Clarrie Bell Lyons testified that she was driving around 45 miles per hour and applied

the brakes when she first saw Bernita. She also testified that even though she saw Bernita, she did not have time to blow the car horn. She remembers pressing hard on the brakes to avoid the collision but there were no skid marks on the road. The evidence presented is sufficient under G.S. 1A-1, Rule 56 to survive a motion for summary judgment.

Clarrie Bell Lyons testified she saw Bernita waiting by the roadside and then the moped "took on off across the road." To the extent this evidence may show Bernita was negligent, the order granting summary judgment cannot be sustained on the basis of her contributory negligence as a matter of law. "There is . . . a rebuttable presumption that a child between the ages of seven and fourteen is incapable of contributory negligence." *Johnson v. Clay*, 38 N.C. App. 542, 546, 248 S.E. 2d 382, 385 (1978). A child in this age bracket may not be held contributorily negligent as a matter of law. *Bell v. Page*, 271 N.C. 396, 156 S.E. 2d 711 (1967). Whether the presumption has been rebutted is a question for the jury. *Johnson v. Clay, supra.* The only error was the granting of the motion for summary judgment as to Edith A. Brown's claims as guardian *ad litem*.

Affirmed in part; reversed in part.

Chief Judge HEDRICK and Judge WELLS concur.