LENETTE D. MICKENS, PLAINTIFF v. SHEILA D. ROBINSON, DEFENDANT

No. 9021DC991

(Filed 21 May 1991)

1. **Automobiles and Other Vehicles § 45.6 (NCI3d)— running of red light — accident — officer's testimony from report proper**

In an action to recover damages sustained in an automobile accident where there was a question of fact as to whose vehicle entered the intersection improperly by running a red light, the trial court did not err in allowing the investigating officer to testify in detail as to what he found at the scene, including testimony tending to show that defendant's vehicle ran into plaintiff's vehicle in the intersection, where the officer made no reference to the stoplight other than that there was one in operation at the intersection, and it was clear that the officer was either referring to or reading from his accident report prepared as a result of his investigation.

MICKENS v. ROBINSON

[103 N.C. App. 52 (1991)]

Am Jur 2d, Automobiles and Highway Traffic §§ 1068 et seq.

2. **Damages § 16.4 (NCI3d)— damages award supported by evidence**

The trial court did not abuse its discretion in failing to set aside as excessive and unsupported by the evidence a verdict of $6,000 for personal injury damages where defendant's evidence tended to show that she suffered damages including lost wages of $225 and medical bills of $155, that she experienced soreness for seven to ten days after the accident, and that her leg was severely bruised.

Am Jur 2d, Damages §§ 864, 878, 880, 1017 et seq.

3. **Costs § 30 (NCI4th)— defendant successful on counterclaim— fees for attorney appropriate**

There was no merit to plaintiff's contention that the legislature did not intend for defendants to be able to collect attorney fees under N.C.G.S. § 6-21.1 fees when they have prevailed on counterclaims for less than the stated amount; furthermore, the trial court was not required to make findings of fact allocating the time spent on this case between work required to defend against plaintiff's claim and that required to forward her counterclaim.

Am Jur 2d, Costs §§ 72 et seq.

APPEAL by plaintiff from judgment and order entered 22 February 1990 in FORSYTH County District Court by *Judge William B. Reingold.* Heard in the Court of Appeals 15 April 1991.

Plaintiff brought this action for damages arising out of an automobile collision with a vehicle driven by defendant. Defendant answered, denying all negligence, and counterclaimed for damages alleged to have been incurred as a result of plaintiff's negligence.

The collision at issue took place at an intersection governed by a traffic signal. The primary point of contention at trial was which party entered the intersection improperly by running a red light.

Plaintiff testified that the light was green in her direction when she entered the intersection. She also presented testimony from an individual who claimed to have been behind defendant's

car at the time of the collision which tended to show that defendant entered the intersection against a red light. She also presented testimony from Officer John Turner, who investigated the accident.

Defendant testified that she approached the intersection at a "crawl" because the light was red in her direction. The light turned green before she came to a complete stop, and she proceeded into the intersection. Defendant also presented testimony from two individuals claiming to have been passengers in the car next to hers tending to show that defendant proceeded with the green light. The driver of this car also testified that she began to go through the intersection when the light turned green, but stopped when she observed plaintiff's car and determined that plaintiff was not going to stop for the red light. Finally, defendant presented evidence from an individual who claimed that he followed plaintiff out of a nightclub near the intersection after she had an altercation with her boyfriend, saw her drive off, and enter the intersection against a red light.

Plaintiff presented testimony from the boyfriend on rebuttal. He claimed to have been following plaintiff home from the nightclub, and saw her enter the intersection with a green light.

The jury found against the plaintiff on her claim for negligence and for the defendant on her counterclaim. It awarded defendant $6000.00 for "personal injury" and found that she was entitled to compensation for property damage for "all incurred." This amount was stipulated to be $1500.00. The trial court also awarded attorney's fees to defendant of $5000.00 pursuant to N.C. Gen. Stat. § 6-21.1. Plaintiff appeals.

*F. Kevin Mauney for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by Reid C. Adams and Ellis B. Drew, III, for defendant-appellee.*

WELLS, Judge.

Plaintiff brings forward six assignments of error for our review. Assignments of error 2 and 6 are not argued in her brief and are therefore deemed abandoned. N.C.R. App. P. Rule 28. She contends that the trial court erred in admitting certain testimony from Officer John Turner, in awarding attorney's fees to defendant, and in failing to set aside the verdict as excessive in light of the evidence and order a new trial. We find no error.

MICKENS v. ROBINSON

[103 N.C. App. 52 (1991)]

**[1]** Officer Turner was called as plaintiff's first witness. His testimony revealed that he investigated the accident, arriving on the scene within a few minutes of the collision. He testified in detail as to what he found at the scene, including testimony tending to show that defendant's vehicle ran into plaintiff's vehicle in the intersection, but he made no reference to the stoplight other than that there was one in operation at the intersection. Questions and answers on direct show clearly that Officer Turner was either referring to or reading from his accident report prepared as a result of his investigation.

On cross-examination of Officer Turner, the following exchange took place:

Q. Officer Turner, in the course of your investigation, did you make a factual determination as to the cause of the accident?

MR. MOLITORIS: Objection.

COURT: Repeat the question, please, sir.

Q. All right. During and after your investigation, did you make a factual determination as to the cause of the accident?

MR. MOLITORIS: Objection.

COURT: Overruled.

A. Yes, sir.

Q. And what was the cause of the accident?

MR. MOLITORIS: Objection.

COURT: Overruled.

MR. MOLITORIS: May I be heard on that?

COURT: Approach the bench. (Counsel approach the bench.)

COURT: The objection is overruled.

MR. DREW: May I approach the witness, Your Honor?

COURT: Yes, sir.

Q. Officer Turner, do you have a copy of your accident report with you?

A. Yes, sir. I do.

Q. Did you make a notation as to the results of your investigation, your conclusions as to the cause of the accident on your accident report?

A. Yes, sir. I did.

Q. Would you please read that to the jury?

MR. MOLITORIS: Objection.

COURT: Overruled.

A. I'd like to clarify. Do you want me to read what I've got described as what happened?

Q. Please.

A. Okay. I said, "Vehicle #1 traveling east on West Sixth Street failed to stop for a red light and was involved in an accident with Vehicle #2 traveling north on Main Street. Account given. . . .

MR. MOLITORIS: Objection.

COURT: Your objection is noted. It is overruled. I will give you a line objection as to anything pertaining to this information.

A. (continuing) "Account given by disinterested witness."

MR. MOLITORIS: Motion to strike.

COURT: Denied.

On redirect, the following took place:

Q. You, of course, personally did not observe this collision?

A. No, sir.

Q. And you don't know how or why it occurred?

MR. DREW: Objection, Your Honor. He's testified how and why it occurred.

COURT: Overruled.

Q. Officer, you don't know how or why this collision occurred, do you? Of your own knowledge.

A. Of my own knowledge? No. Not other than my investigation.

MICKENS v. ROBINSON

[103 N.C. App. 52 (1991)]

Q. And your investigation indicated that Vehicle #2 drove into Vehicle #1?

A. Yes, sir.

On recross, the following took place:

Q. One last question, Officer Turner. When Vehicle #2 proceeded into the intersection, did you conclude during any of your investigation that she drove into the intersection because she had a green light?

MR. MOLITORIS: Objection.

COURT: Sustained.

Q. Rephrase it. Vehicle #2 have the right of way when it drove into the intersection, Officer Turner?

MR. MOLITORIS: Objection.

COURT: Sustained.

Based on this record, we cannot agree with defendant's contention that Officer Turner was erroneously allowed to state his conclusion as to what caused the accident and was allowed to tell the jurors "what result to reach." Under this Court's ruling in *Mobley v. Hill*, 80 N.C. App. 79, 341 S.E.2d 46 (1986), the trial court obviously should have sustained plaintiff's objection to defendant's "conclusion as to the cause of the accident" question because *the question* invited Officer Turner to express an opinion as to fault clearly prohibited by *Mobley*. We perceive Officer Turner as having saved the situation, however, by limiting his response to repeating from his report what he had been told about what happened. The sum total of Officer Turner's testimony was to disavow any assessment or attribution of fault, and thus the error of the trial court in not sustaining plaintiff's original objection was rendered non-prejudicial.

While not dispositive in this case, we deem it helpful to note that the U.S. Supreme Court established a very broad rule for our federal courts in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 102 L.Ed.2d 445 (1988), which would appear to allow such opinion testimony from investigative reports under Rule 803(8)(C) of the Federal Rules of Evidence:

MICKENS v. ROBINSON

[103 N.C. App. 52 (1991)]

> [P]ortions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report.

Thus it appears that in the federal courts hearsay may provide the basis for opinion testimony as to fault, in contrast to our holding in *Mobley* that an eyewitness may not express such an opinion.

**[2]** Plaintiff next assigns error to the denial of her motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure on the grounds that the verdict was excessive and not supported by the evidence. Defendant testified that she suffered damages including lost wages of $225.00 and medical bills of $155.00. She also experienced soreness for seven to ten days after the accident and her leg was severely bruised. The jury returned a verdict of $6000.00 for personal injury damages. "It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982). We perceive no such manifest abuse in this record. *See Thompson v. Kyles*, 48 N.C. App. 422, 269 S.E.2d 231, *disc. review denied*, 301 N.C. 239, 283 S.E.2d 135 (1980).

**[3]** Finally, plaintiff assigns error to the trial court's award of attorney's fees to defendant. N.C. Gen. Stat. § 6-21.1 provides in pertinent part:

> In any personal injury or property damage suit . . . instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit. . . .

The statute refers to "the litigant obtaining a judgment." We therefore reject plaintiff's contention that the legislature did not intend for defendants to be able to collect attorney's fees when they have prevailed on counterclaims for less than the stated amount.

## BROWN v. TRUCK INS. EXCHANGE

[103 N.C. App. 59 (1991)]

We also decline to adopt plaintiff's argument that the trial court was required to make findings of fact allocating the time spent on this case between work required to defend against plaintiff's claim and that required to forward her counterclaim. We see little way for the trial court to have made such a differentiation in this case. Much of the investigation and presentation of evidence necessarily overlapped. Defendant's attorneys presented evidence tending to show that they were entitled to a fee of $8000.00 for their work in this case. The trial court, after "having carefully reviewed the petitioner's hours," awarded $5000.00. There was no abuse of discretion in this award. The assignments of error relating to the award of attorney's fees are therefore overruled.

No error.

Chief Judge HEDRICK and Judge EAGLES concur.