PATSY M. MISHOE AND LAWRENCE W. MISHOE, PLAINTIFFS V. MICKEY FRANKLIN SIKES, DEFENDANT

No. 9318SC903

(Filed 2 August 1994)

**Costs § 30 (NCI4th)— attorney's fee for defending claim and prosecuting counterclaim—award of full amount error**

Because defendant was not entitled to recover attorney's fees for defending against plaintiff's claim but was entitled to recover

**MISHOE v. SIKES**

[115 N.C. App. 697 (1994)]

attorney's fees for prosecuting his counterclaim, and because the amount of attorney's fees sought by defendant represented the cost for defending against plaintiff's claim as well as prosecuting defendant's counterclaim, the trial court necessarily abused its discretion in awarding defendant the full amount of attorney's fees sought. N.C.G.S. § 6-21.1.

**Am Jur 2d, Costs §§ 72-86.**

Judge COZORT dissenting.

Appeal by plaintiffs from order entered 9 June 1993 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 22 April 1994.

On 23 October 1991, plaintiffs filed a negligence action against defendant for personal injuries and property damage allegedly arising out of an automobile accident that occurred between Patsy M. Mishoe and defendant while Patsy M. Mishoe was driving Lawrence W. Mishoe's automobile on 17 July 1991. Defendant filed an answer denying plaintiffs' allegations of negligence and a counterclaim for property damage in the amount $800.00.

This action came on for trial during the 21 September 1992 jury session of Guilford County Superior Court. Subsequently, the jury was unable to reach a unanimous verdict, and on 30 September 1992, Judge Julius A. Rousseau, Jr. entered an order declaring a mistrial.

This action came on for trial a second time during the 1 March 1993 civil jury term of the Guilford County Superior Court. Prior to this second trial, the parties stipulated that defendant sustained property damage in the amount of $2,582 as a result of the collision. On 5 March 1993, the jury returned a verdict finding that Plaintiff Patsy M. Mishoe was not injured by the negligence of defendant, that the automobile of Plaintiff Lawrence W. Mishoe was not damaged by the negligence of defendant, but that defendant was, however, damaged by the negligence of Plaintiff Patsy M. Mishoe. On 12 March 1993, Judge W. Douglas Albright entered a judgment based on this verdict ordering that defendant recover $2,582 for property damage in his counterclaim and that plaintiffs recover nothing from defendant.

On 26 April 1993, defendant filed a motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1 in the amount of $8,673. On 9 June 1993, Judge W. Douglas Albright entered an order granting defend-

ant's motion and ordering plaintiffs to pay defendant $8,673 in attorney's fees.

From this order, plaintiffs appeal.

*Wyatt Early Harris Wheeler & Hauser, by Kim R. Bauman, for plaintiff-appellants.*

*Frazier, Frazier & Mahler, by Torin L. Fury, for defendant-appellee.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in awarding defendant $8,673 in attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1.

N.C. Gen. Stat. § 6-21.1 provides:

In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

"The obvious purpose of [N.C. Gen. Stat. § 6-21.1] is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that is not economically feasible to bring suit on his claim." *Hicks v. Albertson,* 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973). A party entitled to recover attorney's fees under N.C. Gen. Stat. § 6-21.1 is so entitled based upon his status as "the litigant obtaining a judgment." *See Mickens v. Robinson,* 103 N.C. App. 52, 404 S.E.2d 359 (1991) (holding that defendant is entitled to recover attorney's fees under N.C. Gen. Stat. § 6-21.1 for recovery on a counterclaim).

In the present case, plaintiffs concede that defendant is entitled to recover attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1 as a

"litigant obtaining a judgment for damages" based on his recovery for his counterclaim of less than ten thousand dollars; plaintiffs object, however, to the amount of attorney's fees that the trial court awarded. As their basis for this objection, plaintiffs contend that the trial court's award represented not only attorney's fees to which defendant was entitled for prosecuting his counterclaim but also attorney's fees to which defendant was not entitled for defending plaintiffs' claims against him. In support of this contention, plaintiffs cite to defendant's motion for attorney's fees and accompanying exhibit.

In his motion for attorney's fees, defendant stated that prior to the filing of these proceedings, defendant employed Gregory A. Wendling to represent him in exercising his legal rights. Further, defendant stated:

> During Mr. Wendling's representation of Mickey Franklin Sikes in this matter, he consulted with Mickey Franklin Sikes, investigated the accident, made demand for payment, evaluated Mickey Franklin Sikes' position under general legal principles, and filed the necessary action. The fees for Mr. Wendling <u>to both defend the original action and prosecute Mr. Sikes['] [c]ounterclaim are more particularly itemized on the attached Exhibit "A" which is referred to and incorporated herein by reference, which fees totaled Eight Thousand Six Hundred Seventy Three Dollars and 0/100 Cents ($8,673.00)[.]</u>

(Emphasis added.)

Defendant argues, however, that based on the holding in *Mickens*, 103 N.C. App. 52, 404 S.E.2d 359, the trial court did not abuse its discretion in awarding defendant the full amount of attorney's fees. Because we find that *Mickens* does not hold that a trial court may award the full amount of attorney's fees representing the cost of prosecuting the counterclaim as well as the cost for defending against the plaintiff's claim, we disagree.

*Mickens* involved a negligence action against defendant for damages arising out of an automobile collision. Defendant denied any negligence and counterclaimed for damages. The jury found against plaintiff, awarded defendant $6,000 for "personal injury" and found that defendant was entitled to an award for property damage, which amount was stipulated to by the parties to be $1,500. Subsequently, defendant also sought attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1. Defendant's attorneys put on evidence "tending to show that

they were entitled to a fee of $8000.00 for their work in [the] case", and the trial court awarded defendant $5000.00 in attorney's fees. *Id.* at 59, 404 S.E.2d at 363.

On appeal to this court, plaintiff assigned as error the trial court's award of attorney's fees. This Court stated:

> We . . . reject plaintiff's contention that the legislature did not intend for defendants to be able to collect attorney's fees when they have prevailed on counterclaims for less than the stated amount. We also decline to adopt plaintiff's argument that the trial court was required to make findings of fact allocating the time spent on this case between work required to defend against plaintiff's claim and that required to forward her counterclaim. We see little way for the trial court to have made such a differentiation in this case. Much of the investigation and presentation of evidence necessarily overlapped. Defendant's attorneys presented evidence tending to show that they were entitled to a fee of $8000.00 for their work in this case. The trial court, after "having carefully reviewed the petitioner's hours," awarded $5000.00. There was no abuse of discretion in this award.

*Id.* at 58-59, 404 S.E.2d at 363.

Thus, in *Mickens*, this Court held that the trial court was not required to make specific findings of fact allocating the time spent on defending against plaintiff's claim and the time spent prosecuting defendant's counterclaim in its award of attorney's fees under N.C. Gen. Stat. § 6-21.1. The trial court in *Mickens* did not, however, award the full amount of attorney's fees sought by defendant's attorneys which represented the cost of both prosecuting defendant's counterclaim and defending against plaintiff's claim. Instead, the court in *Mickens* reduced the amount sought by defendant's attorneys in its discretion from $8000.00 to $5000.00.

Thus, although the trial court was not required to make findings of fact allocating the time spent on defending against plaintiff's claim and the time spent prosecuting defendant's counterclaim in its award of attorney's fees, the holding in *Mickens* does not give the trial court the blanket authority to award attorney's fees in an amount that unquestionably includes the cost for defending against plaintiff's claim. Courts are still bound by the specific language of N.C. Gen. Stat. § 6-21.1 that the party is entitled to an award of attorney's fees based on the party's status as a "litigant obtaining a judgment for damages." Thus, although a trial court is not necessarily required to

make specific findings as to the allocation of time for attorney's fees in its award of attorney's fees under N.C. Gen. Stat. § 6-21.1, the court must still carefully review the attorney's hours and determine the amount of fees to be awarded that represents, in the court's opinion, the legal fees for obtaining a judgment whether from a complaint or a counterclaim.

In the present case, defendant sought attorney's fees in the amount of $8,673 representing the cost "to both defend the original action and prosecute [defendant's] [c]ounterclaim." Unlike the trial court in *Mickens* that reduced the amount of attorney's fees in its discretion, however, the trial court in the present case awarded defendant attorney's fees in the full amount of $8,673. Because defendant is not entitled to recover attorney's fees for defending against plaintiff's claim and because the amount of attorney's fees sought by defendant represented the cost for defending against plaintiff's claim as well as prosecuting defendant's counterclaim, the trial court necessarily abused its discretion in awarding defendant the full amount sought. Accordingly, we reverse the order of the trial court and remand this case for the trial court to determine the amount of attorney's fees to which defendant is entitled, representing the cost for prosecuting defendant's counterclaim.

Reversed and Remanded.

Judge MARTIN concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

I find the trial court's award of attorney fees was consistent with our opinion in *Mickens v. Robinson*, 103 N.C. App. 52, 404 S.E.2d 359 (1991), and was within the trial court's discretion. I therefore vote to affirm.