BRANDE M. WEST (MINOR) THROUGH HER GUARDIAN AD LITEM, WILLIAM C. FARRIS, Plaintiff v. TONI GRAY TILLEY, Defendant

No. 947DC334

(Filed 5 September 1995)

1. **Costs § 30 (NCI4th)— injured child—mother awarded medical expenses—mother not a party—judgment not over $10,000—recovery of attorney fees not barred**

   Although counsel stipulated to jury consideration of plaintiff child's medical expenses so as to prevent multiplicity of suits related to the same incident, the record reflected no formal motion by either plaintiff or defendant to add plaintiff's mother as a party; therefore, plaintiff's mother did not function as a "litigant," and the recovery attributed to her for plaintiff's medical expenses could not be incorporated with that of plaintiff in determining eligibility for attorneys' fees under N.C.G.S. § 6-21.1. Hence, there was no merit to defendant's contention that the court erred by allowing attorneys' fees upon a judgment in excess of the statutory limit.

   **Am Jur 2d, Costs § 64.**

   **Supreme Court's views as to requisites for award of attorneys' fees. 77 L. Ed 2d 1540.**

**2. Parent and Child § 8 (NCI4th)— injured minor—parent's claim for medical expenses independent of child's claim—joinder not required**

There was no merit to defendant's contention that the claim of plaintiff's mother for medical expenses was "derivative" of plaintiff child's claim, rendering the child a necessary party to the parent's claim and requiring the child and parent to be joined as plaintiffs in one action resulting in one judgment, since, in North Carolina, two independent causes of action arise when an unemancipated minor is injured through the negligence of another.

**Am Jur 2d, Parent and Child § 97.**

**What items of damages on account of personal injury to infant belong to him, and what to parent. 32 ALR2d 1060.**

**3. Appeal and Error § 147 (NCI4th)— award of counsel fees—questions not properly preserved for review**

Defendant did not properly preserve for review questions relating to the sufficiency of the trial court's findings and the reasonableness of its award of counsel fees.

**Am Jur 2d, Appellate Review §§ 614, 690.**

**4. Costs § 32 (NCI4th)— award of attorney's fees—amount reasonable**

The trial court did not abuse its discretion in awarding attorney's fees of $8,400 on a $10,000 judgment where the court carefully considered the time expended by counsel, exercising particular caution in omitting duplicate services, as well as the fees normally charged in the area for attorneys with similar experience and expertise, and plaintiff's recovery was well in excess of the amount originally offered as settlement, a circumstance properly compensated by attorney's fees.

**Am Jur 2d, Costs § 62.**

Appeal by defendant from judgment filed 18 August 1993, amended judgment filed 1 November 1993, and order entered 12 November 1993 by Judge Joseph J. Harper, Jr. in Wilson County District Court. Heard in the Court of Appeals 27 October 1994.

## WEST v. TILLEY

[120 N.C. App. 145 (1995)]

*Connor, Bunn, Rogerson & Woodard, P.A., by James F. Rogerson, for plaintiff-appellee.*

*Thomas, Farris and Turner, P.A., by Allen G. Thomas and Page Thomas Smith, for plaintiff-appellee.*

*Wallace, Morris, Barwick & Rochelle, P.A., by Elizabeth A. Heath and Elizabeth H. McCullough, for defendant-appellant.*

JOHN, Judge.

Defendant appeals the trial court's judgment granting plaintiff's request for attorneys' fees. He contends the award is barred because the court's judgment is in excess of $10,000.00, the limit imposed by N.C. Gen. Stat. § 6-21.1 (1986). Defendant further argues the trial court erred by basing its judgment upon insufficient evidence, by failing to make necessary findings of fact, and by allowing an "excessive, unreasonable, arbitrary, [and] capricious" award. For the reasons set forth herein, we believe defendant's assignments of error are unfounded.

Pertinent facts and procedural information are as follows: On 22 July 1992, Brande West (plaintiff) was injured in an automobile collision involving defendant's 1986 Ford vehicle. On 7 December 1992, plaintiff instituted the instant action by and through her guardian *ad litem* alleging defendant was negligent in the operation of his automobile thereby proximately causing injury to plaintiff. Defendant answered denying liability and further alleged plaintiff's contributory negligence as an affirmative defense.

The parties stipulated at trial that "[t]he medical expenses incurred on behalf of the minor Plaintiff . . . will be allowed into evidence and the jury will be able to consider these expenses as part of the damages to be considered in addition to the amount prayed for in the Complaint for personal injury."

The issues submitted by the trial court to the jury were answered as follows:

ISSUE 1: Was the minor Plaintiff, Brande M. West, injured as a result of the negligence of the Defendant, Toni Gray Tilley?

ANSWER: Yes.

ISSUE 2: Did the minor Plaintiff, Brande M. West, by her own negligence, contribute to her injury?

ANSWER: No.

ISSUE 3: What amount is the minor Plaintiff, Brande M. West, entitled to recover for personal injury?

ANSWER: $9,000.00.

ISSUE 4: What amount, if any, is Gloria Williams, mother of the minor Plaintiff, entitled to recover for medical expenses?

ANSWER: $1,301.00.

The trial court subsequently entered judgment stating "Plaintiff is hereby awarded a Judgment against the Defendant, Toni Gray Tilley, in the sum of $9,000.00," and further awarded plaintiff attorneys' fees in the amount of $8,400.00.

Defendant moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. The trial court denied defendant's motions, but subsequently entered an amended judgment to reflect the receipt by plaintiff's mother of $1,301.00 for medical expenses incurred as a result of plaintiff's injuries. Defendant gave notice of appeal to this Court 16 November 1993 and 18 November 1993.

I.

[1] Although the court's amended judgment provided separately for recovery by plaintiff of $9,000.00 and by Gloria Williams (plaintiff's mother; Ms. Williams) of $1,301.00, defendant contends the trial court "entered one judgment in the total amount of $10,301.00." Because the "judgment" intended by G.S. § 6-21.1 must necessarily include plaintiff's damages and the mother's award for medical expenses, defendant continues, the court erred by allowing attorneys' fees upon a judgment in excess of the statutory limit. We find defendant's argument unpersuasive.

G.S. § 6-21.1 states in pertinent part:

In any personal injury or property damage suit, . . . where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

The statute, an exception to the general rule that counsel fees may not be included in costs recoverable by a successful party to an

action or proceeding, is remedial and should be construed liberally to accomplish the legislative purpose and to bring within it all cases fairly falling within its scope. *Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973) (citations omitted).

"Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992) (citation omitted). The plain language of the statute at issue allows counsel fees to "the duly licensed attorney representing the *litigant* obtaining a judgment for damages . . . ." G.S. § 6-21.1 (emphasis added). "A party entitled to recover attorney's fees under N.C. Gen. Stat. § 6-21.1 is so entitled based upon his status as 'the litigant obtaining a judgment.' " *Mishoe v. Sikes*, 115 N.C. App. 697, 699, 446 S.E.2d 114, 115 (1994), *aff'd*, 340 N.C. 256, 456 S.E.2d 308 (1995) (citation omitted). The dispositive issue therefore becomes whether plaintiff's mother was indeed a "litigant" in the case *sub judice*.

A "litigant" is defined as "[a] party to a lawsuit; one engaged in litigation; usually spoken of active parties, not of nominal ones." Black's Law Dictionary 841 (5th ed. 1979). Although counsel herein stipulated to jury consideration of the child's medical expenses so as to prevent multiplicity of suits related to the same incident, the record reflects no formal motion by either plaintiff or defendant to add Gloria Williams as a party. She did not therefore function as a "litigant" herein. Accordingly, the recovery attributed to her for plaintiff's medical expenses may not be incorporated with that of plaintiff in determining eligibility for attorneys' fees under G.S. § 6-21.1. *Cf. Mickens v. Robinson*, 103 N.C. App. 52, 58, 404 S.E.2d 359, 363 (1991) (phrase "litigant obtaining a judgment" includes defendants prevailing on counterclaims for less than statutory amount).

The foregoing conclusion is consistent with the policies underlying G.S. § 6-21.1:

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations.

*Hicks*, 284 N.C. at 239, 200 S.E.2d at 42.

In *Hicks*, defendant argued plaintiff was not entitled to attorneys' fees in a case settled prior to trial because the language of the statute mandates that a "presiding judge" must enter the award. *Id.* Therefore, defendant continued, the case must proceed to *trial* to qualify under the statute for an award of counsel fees. *Id.* Our Supreme Court disagreed observing that "[t]o hold, as the defendant . . . contends, that this use of the adjective 'presiding' shows the Legislature intended that no fee be allowed in any case settled without actual trial is, in our opinion, to give this word an unreasonably strict construction." *Id.* at 240, 200 S.E.2d at 42.

Similarly, we believe defendant's argument insisting that the court's "judgment" herein (for purposes of determining eligibility for attorneys' fees) must necessarily include medical expenses obtained by a non-party requires an unnecessarily restrictive application of G.S. § 6-21.1. Absent the court's award of attorneys' fees, the minor plaintiff's recovery in the prosecution of her claim would be expended nearly *in toto* to compensate counsel. Such a result certainly would not be that intended by the General Assembly, and is one we are required to reject under the instant facts. *See State ex rel. Cobey v. Simpson*, 333 N.C. 81, 90, 423 S.E.2d 759, 763 (1992) (courts "must adhere to the intent of the legislature" in matters of statutory interpretation) (citation omitted).

**[2]** Defendant nonetheless suggests the claim of Williams as plaintiff's mother is "derivative" of her child's claim, "rendering the child a necessary party to the parent's claim and requiring the child and parent to be joined as plaintiffs in one action resulting in one judgment . . . ." This contention fails.

Our Rules of Civil Procedure state that "those who are united in interest must be joined as plaintiffs or defendants . . . ." N.C. Gen. Stat. § 1A-1, Rule 19(a) (1990). A necessary party is one "so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy" without the presence of that party. *Booker v. Everhart*, 294 N.C. 146, 156, 240 S.E.2d 360, 365-66 (1978) (citations omitted). "When a complete determination of the matter cannot be had without the presence of other parties, the court must cause them to be brought in." *Id.* at 156, 240 S.E.2d at 366 (citations omitted).

In North Carolina, two independent causes of action arise when an unemancipated minor is injured through the negligence of another: 1) a claim on behalf of the parent for medical expenses reasonably

necessary to treat the injury and for loss of services during the child's minority, and 2) a claim on behalf of the minor child to recover damages caused by the injury including, *inter alia,* pain and suffering and impairment of earning capacity following majority. *Brown v. Lyons,* 93 N.C. App. 453, 458, 378 S.E.2d 243, 246 (1989) (citing *Flippin v. Jarrell,* 301 N.C. 108, 270 S.E.2d 482 (1980), *reh'g denied,* 301 N.C. 727, 274 S.E.2d 228 (1981)). The parents' right of action is based upon their duty to care for and maintain the child. *Flippin,* 301 N.C. at 120, 270 S.E.2d at 490 (citation omitted).

Only the minor child pursued her separate claim as a named plaintiff in the action *sub judice.* The participation of plaintiff's mother at trial was not essential to a determination of plaintiff's personal injury claim against defendant, and judgment therein was properly rendered "completely and finally determining the controversy," *Booker,* 294 N.C. at 156, 240 S.E.2d at 366 (citations omitted), without the presence as a party of Gloria Williams. Contrary to defendant's assertion, the interests of plaintiff and her mother were not so united as to require joinder of Ms. Williams under Rule 19(a).

II.

**[3]** In addition, defendant submits the trial court erred by awarding attorneys' fees without either sufficient evidence or findings of fact and conclusions of law that such award was reasonable. This contention is unfounded.

G.S. § 6-21.1 accords the trial court considerable discretion in affixing the amount of reasonable attorneys' fees. *Hill v. Jones,* 26 N.C. App. 168, 170, 215 S.E.2d 168, 170, *cert. denied,* 288 N.C. 240, 217 S.E.2d 664 (1975) (citation omitted). "Reasonableness, not arbitrary classification of attorney activity, is the key factor under all our attorneys' fees statutes." *Coastal Production v. Goodson Farms,* 70 N.C. App. 221, 228, 319 S.E.2d 650, 656, *disc. review denied,* 312 N.C. 621, 323 S.E.2d 922 (1984) (citations omitted). Therefore, the trial court's award will not be disturbed on appeal without a showing of manifest abuse of its discretion. *Lea Co. v. N.C. Board of Transportation,* 323 N.C. 691, 694-95, 374 S.E.2d 868, 870 (1989).

For the appellate court to determine if an award of counsel fees is reasonable, "the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney" based on competent evidence. *United Laboratories, Inc. v. Kuykendall,* 102 N.C.

App. 484, 494, 403 S.E.2d 104, 111 (1991), *aff'd*, 335 N.C. 183, 437 S.E.2d 374 (1993) (citations omitted).

Counsel for plaintiff herein submitted an affidavit to the trial court itemizing the services provided. Defendant's attorney professed not to have "any problem" with the affidavit being presented and indicated she did not question "whether he's done those things . . . that directly apply to me." The trial court observed, "[t]here's no question in my mind that based on the affidavit that the attorneys have the time in it that they say they have," at which point defense counsel interjected, "I'm not disputing anything you're saying." Following defense counsel's complaint that two attorneys represented plaintiff at trial, the court agreed it would base its computation of attorneys' fees for plaintiff on a total of fifty-six hours so as to "eliminate[] any duplication of hours" between plaintiff's two trial attorneys. Counsel for defendant then replied:

> Well, I like that better. And as far as the rate, you're just going to have to use your discretion about that . . . .

Thereafter, the court entered its award as follows:

> The court has considered the affidavits of the attorneys and finds that, and the statements of the attorneys, and finds that they have unduplicated hours totataling [sic] 56 hours and that the reasonable and customary fee that has been awarded in this district for attorneys with this experience and for this type of work is $150 per hour and sets an attorney fee at $8,400.

The court then asked counsel, "Anything further?" Defendant's attorney merely made inquiry regarding a matter unrelated to the matter of attorneys' fees and the case then concluded.

We do not believe the foregoing sufficiently constitutes preservation for our review of those questions relating to the sufficiency of the court's findings or to the reasonableness of its award of counsel fees. *See* N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . ."). We therefore reject defendant's second argument.

Moreover, assuming *arguendo* defendant properly preserved the issue of the court's failure to find based upon competent evidence that the fee awarded was "reasonable," we nonetheless conclude,

considering the record and the cases cited hereinabove, that the trial court's stated determination as to reasonableness was sufficient. *See also Mickens,* 103 N.C. App. at 59, 404 S.E.2d at 363 (trial court "having carefully reviewed the petitioner's hours," showed no abuse of discretion in awarding $5,000.00 in attorneys' fees); *cf. Morris v. Bailey,* 86 N.C. App. 378, 387, 358 S.E.2d 120, —— (1987) (court's award of one-third of total recovery for attorneys' fee error where judgment contained no findings regarding time and labor expended, skill required to perform services, customary fee, or experience and ability of attorney).

III.

[4] Lastly, defendant contends the trial court abused its discretion by awarding $8,400.00 in counsel fees because "the fees were excessive, unreasonable, arbitrary, capricious, and not supported by the evidence." As noted above, this assignment of error has not been properly preserved for our review, *see* N.C.R. App. P. 10(b)(1), and is thus without merit. Moreover, again assuming *arguendo* proper preservation for appellate review, defendant's argument cannot be sustained.

"A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence experienced in the area of law involved would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." N.C. Rules of Professional Conduct, Canon II, Rule 2.6(b) (1995). The Rule sets out factors to be considered in determining whether the fee claimed is reasonable. *Id.* Among those factors are "the time and labor required," Rule 2.6(b)(1), "the fee customarily charged in the locality for similar legal services," Rule 2.6(b)(3), "the amount involved and the results obtained," Rule 2.6(b)(4), and "the experience, reputation, and ability of the lawyer or lawyers performing the services," Rule 2.6(b)(7).

Applying these factors to the record herein, we perceive no abuse of discretion by the trial court. It carefully considered the time expended by counsel, exercising particular caution in omitting duplicitous services, as well as the fees normally charged in the area for attorneys with similar experience and expertise. The record further suggests that plaintiff's recovery was well in excess of the amount originally offered as settlement, a circumstance properly compensated by attorneys' fees. *See Redevelopment Comm. v. Hyder,* 20 N.C. App. 241, 245, 201 S.E.2d 236, 239 (1973) (results obtained by attorney in excess of prior proposals are a legitimate consideration in determining the amount of his fee).

Based upon the foregoing, we affirm the judgment of the trial court.

Affirmed.

Judges ARNOLD and GREENE concur.