MOQUIN v. HEDRICK

[163 N.C. App. 345 (2004)]

DAVID MICHAEL MOQUIN, LYNN MOQUIN AND ELIZABETH MOQUIN, PLAINTIFFS v.
KENNETH EUGENE HEDRICK, DEFENDANT

No. COA03-502

(Filed 16 March 2004)

**Costs— attorney fees—$10,000 maximum judgment—separate awards to parents and child**

An award of attorney fees under N.C.G.S. § 6-21.1 was affirmed where it was based on a negligence award of $6,700 to a daughter and $4,500 to her parents. The statutory $10,000 maximum for the award of attorney fees as costs applies to a joint cause of action in which the parties act as one litigant, but not to several causes of action tried jointly pursuant to a state policy encouraging judicial economy. Independent causes of action by a child and its parents arise when an unemancipated minor is injured through the negligence of another, and the separate awards here were less than $10,000.

Appeal by defendant from order dated 17 February 2003 by Judge William C. Gore, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 29 January 2004.

*R. Clarke Speaks for plaintiff-appellees.*

*Hedrick & Morton, L.L.P., by B. Danforth Morton, for defendant-appellant.*

BRYANT, Judge.

Kenneth Eugene Hedrick (defendant) appeals an order filed 17 February 2003 awarding attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1 to plaintiffs David Michael Moquin, Lynn Moquin (the parents), and Elizabeth Moquin (the daughter).

On 15 August 2001, plaintiffs filed a negligence action against defendant and NPC International, Inc. d/b/a Pizza Hut Store No. 2578 for personal injuries sustained by the minor daughter in a car accident and for medical expenses to compensate the parents. Following a jury trial, the trial court entered judgment in favor of plaintiffs, awarding the daughter $6,700.00 in compensation for her personal injuries and the parents $4,500.00 for medical expenses related to their daughter's injuries. Subsequently, the trial court, in an order filed 17 February 2003, awarded plaintiffs attorney's fees under N.C.

Gen. Stat. § 6-21.1 in the amount of $5,000.00 for the representation of the daughter and $5,000.00 for the representation of the parents, for a total of $10,000.00.

---

The sole issue on appeal, and one of first impression, is whether the trial court erred in finding N.C. Gen. Stat. § 6-21.1 applicable where the combined recovery for damages under the judgment exceeded $10,000.00.

Although awards for attorney's fees are commonly made under section 6-21.1 and appealed, this Court has had little opportunity in the past to construe the language of the statute itself. Our Supreme Court has stated that for purposes of statutory construction:

> [T]his Court must first ascertain legislative intent to assure that both the purpose and the intent of the legislation are carried out. In undertaking this task, we look first to the language of the statute itself. When language used in the statute is clear and unambiguous, this Court must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning.

*Poole v. Miller*, 342 N.C. 349, 351, 464 S.E.2d 409, 410 (1995) (citations omitted).

We thus begin our analysis with section 6-21.1, which provides:

> In any personal injury or property damage suit, . . . upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, *where the judgment for recovery of damages is ten thousand dollars ($10,000) or less,* the presiding judge *may,* in his discretion, *allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages* in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C.G.S. § 6-21.1 (2003) (emphasis added).

> The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that [it] is not economically feasible to bring suit on his claim. In such a situation the Legislature

apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. . . . This statute, being remedial should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Hicks v. Albertson,* 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973).

Both parties agree that this case turns on the definition of the term "judgment," which is undefined by the statute. In *Poole,* our Supreme Court, interpreting N.C. Gen. Stat. § 1A-1, Rule 68, stated: "Judgment means '[t]he final decision of the court resolving the dispute and determining the rights and obligations of the parties,' and '[t]he law's last word in a judicial controversy.' " *Poole,* 342 N.C. at 352, 464 S.E.2d at 411 (quoting *Black's Law Dictionary* 841-42 (6th ed. 1990)) (alteration in original) (emphasis omitted); *see also* 49 C.J.S. *Judgments* § 2, at 52 (1997) ("[i]t has been held that a judgment is a confirmation and formalization of a party's damage award indicating how much a person has been injured"). This definition, however, affords little guidance on how to interpret the legislative intent behind the use of the word "judgment" in relation to recoveries by multiple plaintiffs.

Although defendant contends "judgment for recovery of damages" under section 6-21.1 must be narrowly construed to mean the combined, total recovery of the plaintiffs under the judgment in any case, this reading of the statute is too simplistic and does not comport with the plain language or the purpose behind the statute. The application of section 6-21.1 is triggered by a "judgment for recovery of damages [that] is ten thousand dollars ($10,000) or less"; however, a reading of the statute as a whole reveals an additional emphasis on a party's status as "the litigant obtaining a judgment [for damages]." *Mickens v. Robinson,* 103 N.C. App. 52, 58, 404 S.E.2d 359, 363 (1991); N.C.G.S. § 6-21.1. This focus on the "judgment for recovery of damages" in relation to the individual "litigant" is consistent with the law on joint and several judgments.

Section 6-21.1 uses the general heading of "judgment" without differentiating between the subcategories of joint and several judgments. A joint judgment is one that is "shared by two or more persons," *Black's Law Dictionary* 841 (7th ed. 1999) (defining "joint"), and is entered in cases involving joint plaintiffs who have brought a cause of action that is joint, 49 C.J.S. *Judgments* § 33, at 87. Vice versa, if the causes of action brought by the plaintiffs are several, i.e.

"separate" or "distinct," *Black's Law Dictionary* 1378, and have been either consolidated for trial or joined under the North Carolina Rules of Civil Procedure, a trial court is required to enter a several judgment. 49 C.J.S. *Judgments* § 33, at 87 ("a joint recovery on separate, several, and independent causes of action in favor of separate plaintiffs is improper"); N.C.G.S. § 1A-1, Rules 19 and 20(a) (2003) (necessary and permissive joinder of parties); N.C.G.S. § 1A-1, Rule 42(a). (2003) (rules for consolidation).

By focusing on the "judgment for recovery of damages" with respect to "the litigant obtaining a judgment for damages," section 6-21.1 allows for the recognition of both types of judgments. When a cause of action is joint, the parties represent a united front sharing in the judgment and thus ultimately act as one, joint litigant. In that case, the $10,000.00 maximum triggering application of section 6-21.1 applies to the joint, total judgment for damages by the plaintiffs. On the other hand, with respect to several causes of action by plaintiffs in a consolidated or joint suit, for which a several judgment is required, *see* 49 C.J.S. *Judgments* § 33, at 87, the $10,000.00 maximum applies to each several recovery of damages under the judgment.[1] Such a construction is consistent with the purpose behind the statute to encourage parties with small claims for personal injury or property damage to bring those actions despite the cost of litigation and the policy of this State to encourage parties to join or seek consolidation with similarly situated parties to further reduce their litigation costs and increase judicial economy. *See Rhyne v. K-Mart Corp.*, 149 N.C. App. 672, 687, 562 S.E.2d 82, 93 (2002) (noting that "[o]ur courts have encouraged parties to join in lawsuits to better consolidate and facilitate cases" and opposing statutory construction that would discourage parties from joining). To add separate damage awards under a several judgment for purposes of determining the $10,000.00 maximum would have the effect of punishing, through the denial of attorney's fees, those plaintiffs who sought to join suit with other similarly situated individuals instead of initiating numerous, individual low-recovery lawsuits.

---

1. The soundness behind this bifurcated construction of the statute is best illustrated by the following example: "[I]n a suit for a money judgment where there is one count in the petition and one in a counterclaim, there can be only one judgment even though the court makes separate findings as to the plaintiff's cause and the defendant's counterclaim." 46 Am. Jur. 2d *Judgments* § 9 (1994). Supposing the trial court awarded damages to both the plaintiff and the defendant and the sum of both awards exceeded $10,000.00, but individually at least one award remained below that amount, the use of the word "judgment" in section 6-21.1 could not be construed irrespective of the parties and causes of action involved so as to preclude an award of attorney's fees.

**MOQUIN v. HEDRICK**

[163 N.C. App. 345 (2004)]

We now consider whether plaintiffs' complaint states a joint cause of action or several causes of action. In North Carolina, two independent causes of action arise when an unemancipated minor is injured through the negligence of another: (1) a claim on behalf of the child for her losses caused by the injury, and (2) a claim by the parent for loss of services during the child's minority and for medical expenses to treat the injury. *Bolkhir v. N.C. State Univ.*, 321 N.C. 706, 713, 365 S.E.2d 898, 902 (1988); *Flippin v. Jarrell*, 301 N.C. 108, 120, 270 S.E.2d 482, 490 (1980); *West v. Tilley*, 120 N.C. App. 145, 150-51, 461 S.E.2d 1, 4 (1995); *Brown v. Lyons*, 93 N.C. App. 453, 458, 378 S.E.2d 243, 246 (1989). The parents' right of action is based upon their duty to care for and maintain their child. *Flippin*, 301 N.C. at 120, 270 S.E.2d at 490. Accordingly, plaintiffs' causes of actions, one for personal injuries to the daughter and one for medical expenses incurred by the parents, must be categorized as several.[2] *See also Black's Law Dictionary* 1378 (defining "several" as "separate; particular; distinct"). Under these circumstances, the judgment awarded by the trial court was a several (separate) judgment, requiring the trial court to consider each several (separate) recovery of damages under the judgment by plaintiffs for purposes of determining whether section 6-21.1 applied. Because plaintiffs' separate damage awards were less than $10,000.00, application of section 6-21.1 was triggered, and the trial court had the discretion to award attorney's fees thereunder.

Affirmed.

Judges TIMMONS-GOODSON and ELMORE concur.

---

2. We note that the daughter and the parents were properly joined as parties under Rule 20 permitting:

All persons [to] join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action.

N.C.G.S. § 1A-1, Rule 20(a).